IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, SR., individually and as "Next Friend" to minor child Z.A.G. and ELIZABETH HERRERA, aka ELIZABETH GONZALES, individually and as "Next Friend" to minor child Z.A.G., <br><br> v. <br><br> CITY OF AUSTIN, <br><br>           Defendants. | § § § § § § § § § § § § § | 1:22-CV-655-RP |
| JESSICA ARELLANO, individually, and as next friend of Z.A., a minor child, wrongful death beneficiary and heir to the Estate of Alex Gonzales, Jr., <br><br>           Plaintiffs, <br><br> v. <br><br> THE CITY OF AUSTIN, GABRIEL GUTIERREZ, and LUIS SERRATO <br><br>           Defendants. | § § § § § § § § § § § § § § § | 1:23-CV-8-RP |
| ALEX GONZALES, SR., et al., <br><br>           Plaintiffs, <br><br> v. <br><br> LUIS SERRATO and GABRIEL GUTIERREZ, <br><br>           Defendants. | § § § § § § § § § § § | 1:23-CV-9-RP |

1

**ORDER**

Before the Court are Plaintiffs Alex Gonzales, Sr. ("Gonzales, Sr.") and Elizabeth Herrera's ("Herrera") motion to dismiss Intervenor Hendler Flores Law, PLLC's ("HFL") First Amended Plea in Intervention, (Dkt. 53). (Mot., Dkt. 58). HFL filed a response in opposition, (Dkt. 67), and Gonzales, Sr. and Herrera filed a reply, (Dkt. 69). Also before the Court is HFL's motion for leave to file its Second Amended Plea in Intervention, (Dkt. 88), and Gonzales, Sr. and Herrera's response in opposition, (Dkt. 89).[1] After considering the parties' briefing, the record, and the relevant law, the Court will deny Gonzales, Sr. and Herrera's motion to dismiss and grant HFL's motion for leave to file its Second Amended Plea in Intervention.

## I. BACKGROUND

This case concerns the shooting of Alex Gonzales, Jr. and Jessica Arellano on January 5, 2021, by Austin Police Department Officers Luis Serrato and Gabriel Gutierrez. (Compl., Dkt. 1). This Court recently consolidated three related lawsuits that stemmed from the shooting into this action. (Order, Dkt. 54).

On January 7, 2020, Gonzales, Sr. and Herrera retained HFL through a signed, written retainer agreement ("the Agreement") to represent them in connection with the instant litigation. (1st Am. Plea in Intervention, Dkt. 53, at 2). HFL agreed to represent Gonzales, Sr. and Herrera on a contingency basis, taking up to 40% of any settlement, verdict, or recovery obtained in the matter. (*Id.*). It also authorized reimbursement of expenses from any settlement recovery. (*Id.*). The Agreement further provides that HFL may create a charging lien to secure recovery of fees in the event that Gonzales, Sr. and Herrera terminate HFL without cause. (*Id.* at 2–3). Finally, the

---

[1] In the related case, 1:23-cv-9-RP, HFL filed an identical motion for leave to file its Second Amended Plea in Intervention, (Dkt. 43), and Gonzales, Sr. and Herrera filed an identical response, (Dkt. 44). For convenience, the Court will address the motions for leave to file second amended plea in intervention in one consolidated order, and all references will be to the 1:22-cv-655 case.

Agreement allows HFL to keep 40% of its attorney's fees even if representation ends prior to recovery. (*Id.*).

HFL alleges that it dedicated significant amounts of time to Gonzales, Sr. and Herrera's case by investigating and filing two of the instant suits and beginning discovery with the Austin Police Department. (*Id.* at 3). During the course of their representation, HFL also worked with Gonzales, Sr. and Herrera on ancillary matters, such as probate, family law, and grief support, incurring expenses over $65,000. (*Id.*). HFL alleges that it has not been reimbursed for these expenses. (*Id.*). On March 24, 2023, HFL received a letter from an outside law firm, informing it that Gonzales, Sr. and Herrera intended to discharge HFL from representing them in this case and transfer their representation to Donald Puckett of the Devlin Law Firm LLC. (*Id.*). The parties contest the reason for this discharge, with HFL arguing that it was the result of wrongful interference by Gonzales, Sr. and Herrera's new counsel and without good cause. Gonzales, Sr. and Herrera contend that HFL engaged in professional negligence and breached its fiduciary duty, leading to the discharge. (Resp. Mot. Intervene, Dkt. 49, at 1).

On June 12, 2023, HFL filed a motion to intervene as of right, arguing that it was entitled to intervene under Federal Rule of Civil Procedure 24(a)(2) because it has an interest in a monetary recovery through its contingency fee agreement with Gonzales, Sr. and Herrera. (Mot. Intervene, Dkt. 43, at 4). HFL argued that Texas law permits attorneys to impose a charging lien as a way of securing payment of their fees and expenses and allows attorneys to sue for their recovery. (*Id.* at 4–5). Gonzales, Sr. and Herrera responded in opposition, opposing the motion on several grounds. (Resp. Mot. Intervene, Dkt. 49). They argued that the Court lacked subject-matter jurisdiction over the proposed intervention because diversity citizenship was lacking. (*Id.* at 14). They also contended that the motion was procedurally unripe. (*Id.* at 12–14). Finally, Gonzales, Sr. and Herrera argued that HFL lacked an interest in the property or transaction that is the subject of this litigation under

3

Rule 24 because the interest is purely contingent, and the charging lien is prohibited by Texas ethics rules. (*Id.* at 24).

On August 2, 2023, this Court issued an order granting HFL's motion to intervene. (Order, Dkt. 52). The Court first found that the Court had subject matter jurisdiction over HFL's claim because it had federal question jurisdiction over Gonzales, Sr. and Herrera's § 1983 claims, and thus had supplemental jurisdiction over HFL's state law claim if the claim met the requirements of Rule 24. (*Id.* at 4–5). Next, the Court rejected Gonzales, Sr. and Herrera's claim that the motion to intervene was unripe, finding that they had cited no relevant case law pertaining to ripeness. (*Id.* at 5–6). Last, the Court held that HFL met the Rule 24 requirements to intervene. Specifically, the Court found that HFL has an interest relating to the transaction because Texas law authorizes charging liens and such liens have been found to constitute a property interest under Rule 24. (*Id.* at 7–9). The Court thus ordered the Clerk of the Court to file HFL's First Amended Plea in Intervention, (Dkt. 53). (Order, Dkt. 52, at 10).

On August 22, 2023, Gonzales, Sr. and Herrera filed the instant motion to dismiss HFL's First Amended Plea in Intervention under Rule 12(b)(1) and 12(b)(6). (Mot. Dismiss, Dkt. 58). HFL filed a brief response in opposition, pointing out that the Court has already considered and rejected Gonzales, Sr. and Herrera's arguments in its order granting intervention. (Resp. Mot. Dismiss, Dkt. 67). Gonzales, Sr. and Herrera then filed a reply in support of its motion. (Dkt. 69).

While the motion to dismiss was pending, on January 25, 2024, HFL filed a motion for leave to file its Second Amended Plea in Intervention for the purpose of adding an alternative quantum merit claim. (Mot. Leave, Dkt. 88, at 1–2). Gonzales, Sr. and Herrera filed a response in opposition, arguing that the Court should deny HFL's request to file a Second Amended Plea in Intervention because amendment would be futile, for the reasons laid out in its motion to dismiss the First Amended Plea in Intervention. (Resp. Mot. Leave, Dkt. 89).

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Rule 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id*. In ruling on a Rule 12(b)(1) motion, a court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl.*

5

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because a court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### C. Leave to Amend

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283

6

F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

### III. DISCUSSION

#### A. Motion to Dismiss

In their motion to dismiss, Gonzales, Sr. and Herrera raise many of the same arguments that they made in their response in opposition to HFL's motion to intervene. They argue that this Court should dismiss HFL's Plea in Intervention under Rule 12(b)(1) for lack of subject matter jurisdiction because the claims are unripe and because the Court lacks an independent basis for Article III jurisdiction to hear HFL's claim. (Mot. Dismiss, Dkt. 58, at 1). They also contend that the Court should dismiss HFL's claim under Rule 12(b)(6) because HFL has failed to allege all the required elements of a breach of contract claim. (*Id.* at 11–13). Because the Court has already considered and rejected most of these arguments in its order granting HFL's intervention, (Order, Dkt. 52), the Court will deny the motion to dismiss.

1. Ripeness

First, Gonzales, Sr. and Herrera argue that HFL's claim is unripe because it has not accrued under Texas substantive law. (Mot. Dismiss, Dkt. 58, at 1). In support, they rely once again upon *Hoover Slovacek LLP v. Watson*, 206 S.W.3d 557 (Tex. 2006) and other cases that state that "a contingent-fee lawyer is entitled to receive the specified fee only when and to the extent the client receives payment," *id.* at 560 (quoting Restatement (Third) of the Law Governing Lawyers § 35(2) (2000)). As explained in the Court's previous order, this statement does not provide support for the argument that HFL's intervention is unripe. (*See* Order, Dkt. 52, at 5–6). HFL does not seek

7

immediate payment of its contingency fee, as the lawyer did in *Hoover Slovacek*; it seeks recovery only upon Plaintiffs' recovery. (*Id.*). Because the other cases cited by Gonzales, Sr. and Herrera cite this Restatement principle and similarly do not mention ripeness, they are also not persuasive authority to change the Court's decision. (*See* Mot. Dismiss, Dkt. 58, at 6 n.7 (citing cases)).[2] Therefore, the Court will not dismiss HFL's claim as unripe.

## 2. Subject Matter Jurisdiction

Second, Gonzales, Sr. and Herrera argue that this Court lacks subject matter jurisdiction over HFL's claim. (*Id.* at 7). The Court addressed this issue in its previous order. (*See* Order, Dkt. 52, at 4–5). "[A]n intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). Because HFL seeks relief under a state law contract claim, while Gonzales, Sr. and Herrera bring claims of violations of 42 U.S.C. § 1983, HFL must establish federal jurisdiction.

The Court previously found that HFL has done so. Because Gonzales, Sr. and Herrera's claims arise under federal law, this Court has subject-matter jurisdiction over their claims under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367(a), this Court can thus exercise supplemental jurisdiction over claims that "form part of the same case or controversy" as Gonzales, Sr. and Herrera's claims. This supplemental jurisdiction "shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Because the Court found that HFL met the requirements of

---

[2] These cases are also irrelevant to the current case, as they do not involve the intervention of a law firm or lawyer to assert a charging lien. *See, e.g.*, *Levine v. Bayne, Snell & Krause, Ltd.*, 40 S.W.3d 92 (Tex. 2001) (resolving dispute over whether, under a contingency fee agreement, a law firm was due full award given to its clients minus an offset due to a successful counterclaim against the clients); *Wilkinson v. Susman*, No. 14-18-00996-CV, 2020 WL 6791057 (Tex. App.—Houston [14. Dist.] Nov. 19, 2020) (reaffirming that an attorney's right to recover based on a contingency agreement is derivative from those of her client); *Douglas–Peters v. Cho, Choe & Holen, P.C.*, 2017 WL 836848 (Tex. App.—Dallas, Mar. 3, 2017) (reaffirming that the amount of a client's recovery is computed net of an offset, such as recovery on a counterclaim); *Grantham v. J & B Sausage Company, Inc.*, 2016 WL 2935874 (Tex. App.—Houston [14 Dist.] May 17, 2016) (denying an attorney's claim that sought to recover his contingency fee from the opposing party when they refused to pay because his client had not yet recovered).

Rule 24(a)(2) to intervene in this case, (*see* Order, Dkt. 52, at 7–10), this Court thus properly has supplemental jurisdiction over HFL's claim under § 1367(a). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ("The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.").

In their motion to dismiss, Gonzales, Sr. and Herrera continue to incorrectly argue that this Court lacks jurisdiction over HFL's claim because HFL's claim does not relate to their § 1983 claims such that all the claims "form part of the same case or controversy." (*See* Mot. Dismiss, Dkt. 58, at 8). However, this argument misunderstands the statutory language of 28 U.S.C. § 1367(a), which explicitly states that supplemental jurisdiction automatically applies to "claims that involve the . . . intervention of additional parties." In arguing that satisfaction of the Rule 24 intervention requirements is not sufficient to meet the requirements of supplemental jurisdiction, Gonzales, Sr. and Herrera cite to cases in which courts denied intervention because the proposed intervenor's claims did not satisfy the requirements for federal diversity jurisdiction. (*See* Mot. Dismiss, Dkt. 58, at 10–11). However, these cases are inapposite because the courts' subject matter jurisdiction in those cases was based on *diversity* jurisdiction and not *federal question* jurisdiction.[3] In cases where the court's original jurisdiction rests on diversity jurisdiction, Section 1367 places another barrier to supplemental jurisdiction: Not only do claims have to meet the requirements of § 1367(a)—the supplemental claims must form part of the same case or controversy as the original claims—but they also have to conform to the requirements of § 1367(b), which states that no supplemental

---

[3] *See, e.g.*, *Samuels v. Twin City*, 602 Fed. App'x 209, 210 (5th Cir. 2015) (state product liability case removed based on diversity jurisdiction); *Griffin v. Lee*, 621 F.3d 380, 382 (5th Cir. 2010) (state unjust enrichment claim removed based on diversity jurisdiction); *Patterson v. Corvel Corp.*, No. 21-cv-1305, 2021 WL 4047391, at *1 (W.D. La. Aug. 12, 2021) (state tort case removed based on diversity jurisdiction); *Causey v. State Farm*, No. 16-9660, 2018 WL 2980066, at *1 (E.D. La. June 14, 2018) (state insurance case removed based on diversity jurisdiction); *Tolliver v. U-Haul Co.*, Case No. 09-cv-313, 2017 WL 9565856, at *1 (W.D. La. June 8, 2017) (state tort case filed based on diversity jurisdiction).

jurisdiction shall extend over claims that will destroy diversity jurisdiction. However, Section 1367(b)'s diversity requirement "applies only to diversity cases . . . ." *Exxon Mobil*, 545 U.S. at 560. Thus, HFL's status as a non-diverse party is not relevant to the jurisdictional analysis. Because HFL's claim meets the standards for intervention, this Court has supplemental jurisdiction over the claim under § 1367(a). Accordingly, the Court will deny the 12(b)(1) motion.

### 3. Failure to State a Claim

Last, Gonzales, Sr. and Herrera move under 12(b)(6) to dismiss HFL's claim. They allege that HFL's charging lien claim is a breach of contract claim that is not properly pleaded because HFL has not pleaded two essential elements of a breach of contract claim: breach and damages. (*See* Mot. Dismiss, Dkt. 58, at 11–13). Gonzales, Sr. and Herrera argue that they could not have breached the contract because they have not recovered any money as a result of their § 1983 lawsuits. (*Id.*).

However, this argument is simply a recycling of the ripeness argument that Gonzales, Sr. and Herrera have already presented, and the Court has rejected in its previous order and above in this order. The Court has recognized that it is proper for HFL to intervene at this stage to assert its charging lien claim. In doing so, the Court is following the lead of other courts who have allowed attorneys to intervene in ongoing cases to protect their contingency fee lien, even if the clients had yet to recover in the underlying lawsuit. *See, e.g.*, *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525 (5th Cir. 1986); *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970). The Court finds that HFL's Plea in Intervention properly asserts a claim for a contractual charging lien. Accordingly, the Court will deny the 12(b)(6) motion.

### B. Leave to File Second Amended Plea in Intervention

Next, the Court addresses HFL's motion for leave to file its Second Amended Plea in Intervention, (Dkt. 88). HFL requests that the Court allow it to amend its Plea in Intervention to add a quantum merit claim. (*Id.* at 2). Gonzales, Sr. and Herrera filed a brief response in opposition,

stating that such an amendment would be futile because, as they argued in their motion to dismiss, the Court lacks jurisdiction over HFL's claims. (Resp. Mot. Leave, Dkt. 89, at 2). Gonzales, Sr. and Herrera also note that they would have consented to the motion for leave to amend had HFL indicated in its motion that Gonzales, Sr. and Herrera's consent did not operate to waive the arguments that they made in their motion to dismiss. (*Id.*).

The Court finds no substantial reason to deny leave and finds that it is in the interest of justice to allow HFL to amend its plea in intervention. The governing scheduling order in this case set a deadline of February 1, 2024, for the parties to amend their pleadings, (Dkt. 83), and HFL filed its motion to amend on January 25, a week prior to this deadline. Further, the additional quantum merit claim that HFL seeks to add relies on the same facts that HFL previously asserted for its contractual charging lien claim. Last, because the Court has already decided that it has proper jurisdiction over HFL's claims, the amendment is not futile. Therefore, the Court will grant HFL's motion to amend its plea in intervention.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Gonzales, Sr. and Herrera's motion to dismiss HFL's First Amended Plea in Intervention, (Mot., Dkt. 58), is **DENIED**.

**IT IS FURTHER ORDERED** that HFL's motion for leave to file its Second Amended Plea in Intervention in 1:22-cv-655-RP, (Dkt. 88), is **GRANTED**. The Clerk of the Court shall file HFL's Second Amended Plea in Intervention, (Dkt. 88-1).

**IT IS FINALLY ORDERED** that HFL's motion for leave to file its Second Amended Plea in Intervention in 1:23-cv-9-RP, (Dkt. 43), is **GRANTED**. The Clerk of the Court shall file HFL's Second Amended Plea in Intervention, (Dkt. 43-1).

**SIGNED** on February 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE