IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, SR., individually and as "Next Friend" to minor child Z.A.G. and ELIZABETH HERRERA, aka ELIZABETH GONZALES, individually and as "Next Friend" to minor child Z.A.G., | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:22-CV-655-RP |
| CITY OF AUSTIN, | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| JESSICA ARELLANO, individually, and as next friend of Z.A., a minor child, wrongful death beneficiary and heir to the Estate of Alex Gonzales, Jr., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-8-RP |
| THE CITY OF AUSTIN, GABRIEL GUTIERREZ, and LUIS SERRATO, | § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| ALEX GONZALES, SR., et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-9-RP |
| LUIS SERRATO and GABRIEL GUTIERREZ, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs Alex Gonzales, Sr. and Elizabeth Herrera's (collectively, the "Gonzales Plaintiffs") Motion for Sanctions, (Dkt. 300). Defendant City of Austin (the "City") filed a response in opposition, (Dkt. 311), and the Gonzales Plaintiffs replied, (Dkt. 313). Having reviewed the parties' briefing, the record, and the relevant law, the Court issues the following order.

## I. BACKGROUND

### A. Factual Background and Procedural History of the Case

The facts of this consolidated action are more fully explained in the Court's Order on the parties' motions for summary judgment. (*See* Dkt. 328). The Court provides a brief summary of the facts and procedural history here for the purposes of this order.

This is a Section 1983 case arising from two police officer involved shootings that took place in the early morning of January 5, 2021. The first shooting stemmed from an alleged road rage incident involving Defendant off-duty Austin Police Department ("APD") Officer Gabriel Gutierrez ("Gutierrez") and civilians Alex Gonzales, Jr. ("Gonzales") and Plaintiff Jessica Arellano ("Arellano"), which led to Gutierrez shooting and injuring Gonzales and Arellano. This shooting then led to a second confrontation which ended with Former-Defendant on-duty APD Officer Luis Serrato ("Serrato") fatally shooting Gonzales.

The two shootings resulted in three lawsuits, which have been consolidated into this action. (*See* Order, Dkt. 54). The Gonzales Plaintiffs assert claims under 42 U.S.C. § 1983 as wrongful death beneficiaries of Gonzales and heirs to the Estate of Gonzales. They allege that Gutierrez and Serrato used excessive force against Gonzales in violation of the Fourth Amendment. (2d Am. Compl., Dkt. 85, ¶¶ 80–96). Arellano brings a Section 1983 claim against Gutierrez alleging that he used excessive force when he shot her, violating her Fourth Amendment rights. (Am. Compl., Dkt. 87, ¶¶ 139–147). The Gonzales Plaintiffs and Arellano also assert claims against the City pursuant to *Monell v.*

*Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). They allege that the City is liable for Arellano's injuries and Gonzales' death because the City's official policies, practices, and customs were a cause of Gutierrez and Serrato's uses of excessive force. (*See id.* ¶¶ 148–158; 3d Am. Compl., Dkt. 86, ¶¶ 138–162).

In the Court's Order on the parties' motions for summary judgment, the Court granted Serrato's motion for summary judgment, finding that Serrato was entitled to qualified immunity on the Gonzales Plaintiffs' Section 1983 claims against him. The Court also granted in part and denied in part the City's motions for summary judgment. The Court held that a reasonable jury could find that Gutierrez committed excessive force when he shot Gonzales and Arellano. On Plaintiffs' *Monell* claims, the Court granted the City summary judgment on six theories of *Monell* liability but denied summary judgment on a seventh theory, holding that a reasonable jury could find that Gutierrez' alleged excessive force was caused by an alleged City practice of permitting excessive force by under-investigating and under-disciplining it. (*See* Order, Dkt. 328).

## B. Procedural History of the Parties' Discovery Disputes

The Gonzales Plaintiffs' motion for sanctions stems from a series of discovery disputes between the Gonzales Plaintiffs and the City. On November 1, 2023, the Gonzales Plaintiffs sent a notice of deposition to the City, pursuant to Federal Rule of Civil Procedure 30(b)(6), regarding its collection and production of training documents. (*See* Dkt. 108-1). The City designated Manuel Jimenez ("Jimenez")—the operations lieutenant for APD's police training academy—as its representative for this deposition, which took place on November 29, 2023. (Mot. Compel, Dkt. 108, at 4). The Gonzales Plaintiffs allege that Jimenez was unprepared to testify at this deposition because he could not answer various questions about the City's document collection and production efforts. They argue that in presenting Jimenez and failing to prepare him for the deposition, the City, in essence, failed to appear for the deposition. (*Id.* at 4–6).

In April 2024, the Gonzales Plaintiffs served the City with an omnibus 30(b)(6) deposition notice, that is the subject of the instant motion. (Dkt. 108-3). They also moved to compel the City to provide a prepared witness on the original deposition topics before the omnibus deposition. (Dkt. 108). In response, the City agreed to produce a prepared witness to testify on the topics contained in the Gonzales Plaintiffs' original notice of deposition and agreed to conduct this redo of the original deposition around the same time as the witnesses on the other, additional 30(b)(6) topics. (*See* Dkt. 140-2, at 2). The parties filed a joint advisory indicating that they had resolved the issues in the Gonzales Plaintiffs' motion to compel. (Dkt. 112). As a result, the Court mooted the Gonzales Plaintiffs' motion to compel. (Text Order, May 7, 2024).

Two weeks later, the Gonzales Plaintiffs filed three more motions to compel based on the City's alleged failure to produce other required discovery. (*See* Dkts. 121, 122, 123). In one of these motions, the Gonzales Plaintiffs asked the Court for leave to conduct additional depositions and for an order to compel the City to produce certain witnesses for depositions. (*See* Dkt. 123). In response to this motion, the City objected not only to the depositions for the witnesses identified in the Gonzales Plaintiffs' motion but also objected to the omnibus 30(b)(6) deposition topics to which it had previously agreed. (*See* Dkt. 131, at 4–5). Specifically, the City argued that many of the 30(b)(6) deposition topics were duplicative of depositions already taken or anticipated deposition testimony for already-scheduled depositions. (*Id.* at 5–6). The City first indicated its opposition to the omnibus 30(b)(6) deposition topics on May 22, 2024—two days after the close of fact discovery for this case. (*See* Text Order, Apr. 5, 2024 (extending discovery deadline until May 20, 2024)). The Gonzales Plaintiffs replied, defending the need for the 30(b)(6) deposition and the other requested depositions. (Dkt. 140). This Court referred all three discovery motions to United States Magistrate Judge Dustin Howell for disposition. (Text Orders, May 23, 2024). In a joint advisory, the parties

agreed to have the Court hear the dispute over the omnibus 30(b)(6) deposition as part of the motion practice on the other requested depositions. (Dkt. 151).

The magistrate judge held a hearing on the three discovery motions on June 20, 2024, and announced his rulings on the record and in a subsequent order. (Min. Entry, Dkt. 154; Order, Dkt. 155). The magistrate judge granted the Gonzales Plaintiffs' motion for leave and motion to compel depositions "in its entirety." (Dkt. 155, at 3). With respect to the 30(b)(6) depositions, the magistrate judge ordered "the parties to meet and confer to address the structure and scheduling of the deposition(s) and to file, no later than June 28, 2024, a joint advisory informing the Court of the agreed-upon plan." (*Id.*). The magistrate judge's order also stated, "If disputes remain, then the parties may seek relief through further motion practice . . . ." (*Id.*).

On June 28, 2024, the Gonzales Plaintiffs and the City filed a Joint Advisory with the Court explaining the status of scheduling the Rule 30(b)(6) depositions. (Dkt. 165). The parties stated that at the time of this advisory, the City had provided a list of witnesses that previously had testified, and that the City was designating as 30(b)(6) witnesses, but the City had not yet connected the witnesses with any specific topics. (*Id.*). The parties asked the Court for an additional week to work out the remaining scheduling issues. (*Id.*). The magistrate judge ordered the parties to file a joint advisory on or before July 5, 2024, addressing the scheduling progress. (Dkt. 169).

The parties then filed their Second Joint Advisory on July 5, which stated that none of the ordered depositions had yet taken place, and the City still had not indicated which topics would be covered by which witnesses. (Dkt. 191). In response, the Court ordered "the City to make any deposition witnesses subject to the order available for deposition no later than August 30, 2024." (Dkt. 194). On August 29, 2024, the parties jointly requested an extension to September 30, 2024, to accommodate an updated deposition schedule. (Dkt. 271). The parties also informed the Court they

were in the process of scheduling one or more additional 30(b)(6) representatives to cover court-ordered topics (*Id.*).

On October 30, 2024, the Gonzales Plaintiffs filed the instant motion for sanctions. (Dkt. 300). They allege that the City has not designated a witness for five court-ordered 30(b)(6) deposition topics—Topics 44, 46, 47, 50, and 51—and offered a witness for two additional topics after the September 30th deadline—Topics 13 and 14. (*Id.* at 6). The Gonzales Plaintiffs request that the Court impose the following sanction on the City for failing to produce 30(b)(6) witnesses on these topics: preclude the City from introducing argument or evidence at trial on any topic for which it failed to timely provide a witness as ordered by the Court. (*Id.* at 1–2). The City responded in opposition to the Gonzales Plaintiffs' motion for sanctions, (Dkt. 311), and the Gonzales Plaintiffs replied, (Dkt. 313).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 30(b)(6) provides a procedure by which a party may depose an organization. Fed. R. Civ. P. 30(b)(6). The party seeking the deposition must serve a notice on the organization describing with reasonable particularity the matters for examination. *Id.* The organization then bears the burden of designating a representative to testify on its behalf or must alternatively move for a protective order. *Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003). A party who receives a 30(b)(6) deposition notice yet fails either to designate a representative or seek a protective order has violated Rule 37(d). *Id.*

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). A court may also order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions for failure to obey a discovery order can

include, *inter alia*, the issuance of orders "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" or orders "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(i), (ii); *see also* Fed. R. Civ. P. 37(d)(3). For violations of Rule 37(d), "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). A failure for a party to attend their own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order." Fed. R. Civ. P. 37(d)(2).

The Court has broad discretion under Rule 37(b) to fashion remedies suited to the alleged misconduct. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). "[D]ecisions to impose sanctions under Rule 37(b) must be guided by two important considerations: The sanction must first of all be just, and it must 'specifically relate to the particular claim which was at issue in the order to provide discovery.'" *Chilcutt v. United States*, 4 F.3d 1313, 1320–21 (5th Cir. 1993) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1993)) (cleaned up). The Fifth Circuit "has never held that willful or contumacious conduct is a prerequisite to sanctions which are less harsh than a dismissal or default judgment." *Id.* at 1322.

### III. DISCUSSION

To begin, the Court will not impose sanctions related to Topics 13 and 14. For these topics, the City designated Destiny Silva ("Silva") as the City's representative. On September 23, 2024, counsel for the City advised counsel for the Gonzales Plaintiffs that Silva was on leave until the following week and when she returned to the office, counsel would circulate possible deposition

dates. (*See* Dkt. 311-2). Counsel for the City's email concluded: "I assume that we can agree to schedule this portion of the 30(b)(6) deposition after September 30 but let me know if you believe this will be a problem." (*Id.*). Counsel for the Gonzales Plaintiffs did not respond to this email or give any indication that taking Silva's deposition after September 30 would be a problem. (Dkt. 311, at 5). On October 9, 2024, counsel for the City followed up with available dates in October to take Silva's deposition. However, counsel for the Gonzales Plaintiffs responded by stating that they would not accept an October deposition date for Silva or any additional 30(b)(6) witnesses and would instead file the instant motion for sanctions. (Dkt. 311-2). The Gonzales Plaintiffs request that the Court sanction the City in regard to Topics 13 and 14 because the City offered up a witness on these topics after the stipulated September 30 deadline. The Court declines to do so. It would not be just to impose a sanction on the City with regard to these topics when the City did designate a witness, and the Gonzales Plaintiffs rejected proposed dates for the deposition. The Court denies the motion for sanctions as to Topics 13 and 14.

As for the other five topics, the Gonzales Plaintiffs allege that the City has failed to produce 30(b)(6) witnesses on any of the topics despite the Court's order to do so. The City does not deny that it never produced a 30(b)(6) witness for these topics. Instead, the City argues that it should not be sanctioned because it has not obstructed the Gonzales Plaintiffs' ability to conduct discovery in this case. The City emphasizes that it has complied with extensive discovery requests and has produced discovery on many of the 30(b)(6) topics. (*See* Resp., Dkt. 311, at 2–4, 8–10). The City also contends that the Gonzales Plaintiffs cannot reasonably claim that they are uninformed on the City's position on any topic likely to be an issue at trial. (*Id.* at 3). The City provides specific arguments on each designated topic as to how the Gonzales Plaintiffs have not been prejudiced by the failure to produce a 30(b)(6) witness on that topic. (*Id.* at 5–8). In reply, the Gonzales Plaintiffs argue that the City's other discovery is not a replacement for its failure to produce 30(b)(6) deponents. (Reply, Dkt.

313, at 1–2). The Court will first discuss whether there was a Rule 37 violation before turning, if necessary, to whether the requested sanctions are warranted as to each contested deposition topic.

### A. Rule 37 Violation

The Court finds that the City has violated Rule 37 in its failure to designate and produce 30(b)(6) witnesses on Topics 44, 46, 47, 50, and 51. The Gonzales Plaintiffs noticed an omnibus 30(b)(6) deposition for the City. The City initially agreed to provide a deponent, then withdrew their consent to the deposition after the close of fact discovery. The parties agreed to settle the dispute over the omnibus deposition before the Court and after considering the City's objections, the Court ordered the City to provide a witness on each of the noticed topics. However, the City failed to produce witnesses on these five topics.

In its arguments on each deposition topic, the City repeatedly points to the other evidence it has provided to the Gonzales Plaintiffs as reason for why it should not be sanctioned. While this line of argument can be considered when crafting what sanction, if any, is suitable for the violation, it does not excuse the violation itself. The City had a chance to object to the 30(b)(6) topics, and the Court ruled that the City had to provide witnesses on those topics. Following the Court's order last summer, the City could have filed a motion for protective order or a motion for reconsideration if it believed that it could not or should not have to designate witnesses on certain discrete topics. It did not do so, and therefore the City had a duty to produce the witnesses in accordance with the Court's prior order. In the context of a motion for sanctions, the City's reservations about the designated topics are not an excuse for failing to act. *See* Fed. R. Civ. P. 37(d)(2) ("A failure [for a party to attend their own deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order.").

The other evidence that the City has provided is also not a substitute for Rule 30(b)(6) testimony because of the unique nature of Rule 30(b)(6) testimony. Only Rule 30(b)(6) testimony

can be used by an adverse party "for any purpose" under Rule 32(a)(3). Rule 30(b)(6) testimony can also be admitted as an admission of an organization as a party opponent. *See* Fed. R. Evid. 801(d)(2)(C); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2103 (3d ed. 2023). For these reasons, Rule 30(b)(6) testimony is rarely considered duplicative of other discovery, even if individual testimony adduces the same underlying information. *See MC Trilogy Texas, LLC v. City of Heath, Texas*, No. 3:22-CV-2154-D, 2024 WL 1641233, at *5 (N.D. Tex. Apr. 16, 2024) (collecting cases).

The City had a duty to produce witnesses on all the designated 30(b)(6) topics under both Rule 30 and the Court's order. Because it did not produce witnesses on the five contested topics, the City not only failed to appear at its own deposition in violation of Rule 37(d) but also failed to comply with a Court order in violation of Rule 37(b).

## B. Sanctions

Having found that the City committed violations of both Rule 37(b) and 37(d), the Court considers what sanction, if any, should be imposed. The Gonzales Plaintiffs request that the City be excluded from introducing argument or evidence at trial on any topic for which it failed to provide Rule 30(b)(6) witnesses.[1] Prohibiting a party from introducing evidence to support a claim is a routine sanction for a party's failure to produce evidence related to that claim and is explicitly authorized by the Federal Rules. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *see, e.g.*, *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 780 (5th Cir. 2009) (affirming prohibition of introducing evidence on lost rental income where party failed to produce documents and delayed

---

[1] Rule 37(d)(3) states that for violations of Rule 37(d), "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Because the Gonzales Plaintiffs have not requested an award of attorney's fees, (*see* Reply, Dkt. 313, at 5–6), the Court finds that awarding fees would be unjust in this instance.

deposition of purported tenant); *Spinks v. Alamo Area Council of Gov'ts*, No. 5:15-CV-749-RP, 2016 WL 7442661, at *6 (W.D. Tex. Dec. 27, 2016) (noting that sanction of precluding testimony on subject matter on which 30(b)(6) witness was unprepared would be appropriate but deferring judgment). The only remaining question then is whether this sanction would be just and is related to the misconduct at issue—i.e., the contested topics on which the City never produced a witness. *See Chilcutt*, 4 F.3d at 1320–21. The Court considers whether the requested sanction is warranted on each of the five deposition topics in turn.

### 1. Topic 44

Topic 44 concerns the City's response to City Council resolutions related to police reform and oversight, including any changes to policies and training. (Dkt. 108-3, at 20). The City asserts that the Gonzales Plaintiffs must be knowledgeable about the City's defenses on this topic, considering they deposed former APD Chief of Police Joseph Chacon ("Chacon"), former Chief of Police Brian Manley ("Manley"), and APD Lieutenant Jimenez on these topics. The City states that it "has no objection to being bound by the testimony of Chacon, Manley, and Jimenez on these topics." (Resp., Dkt. 311, at 5–6). In reply, the Gonzales Plaintiffs argue that despite the City's willingness now to being bound by these witnesses' testimony, the City has repeatedly declined to designate their testimony as Rule 30(b)(6) testimony on these topics. Further, the Gonzales Plaintiffs argue that even if the City were to designate their deposition testimony as Rule 30(b)(6) testimony now, the Gonzales Plaintiffs would be entitled to a "clean-up" witness "to cover the preparation on [Topic 44] and ensure there is no relevant information missing from the record." (Reply, Dkt. 313, at 3).

As the Court stated above, Rule 30(b)(6) testimony is generally not duplicative of other discovery. As such, the deposition testimony of Chacon, Manley, and Jimenez do not excuse the City's failure to produce a 30(b)(6) witness on Topic 44. However, given that the City has now stated

that it is willing to be bound by the deposition testimony of Chacon, Manley, and Jimenez, the Court will order the City to designate such deposition testimony for 30(b)(6) purposes. Such an order would be more just than the sanction the Gonzales Plaintiffs requested. Because the City has produced discovery on Topic 44 and has offered to be bound by that discovery, it would not be just to bar the City from discussing issues covered by Topic 44 at trial. Instead, a Court order directing the City to designate prior discovery for 30(b)(6) purposes would properly recognize that the City has engaged in discovery on the issues covered by Topic 44, while also recognizing that the City's failure to designate a Rule 30(b)(6) witness on the topic is a discovery violation that has harmed the Gonzales Plaintiffs. This relief is also more curative than the Gonzales Plaintiffs' requested sanction because it allows the Gonzales Plaintiffs to have 30(b)(6) testimony on Topic 44, which they could use at trial, if needed.

Accordingly, the Court grants in part and denies in part the motion for sanctions as to Topic 44. The Gonzales Plaintiffs' request for an order prohibiting argument and evidence on Topic 44 is denied. Instead, the City is ordered to designate already-taken deposition testimony as Rule 30(b)(6) testimony for Topic 44. The Court cautions the City that failure to make designations by the Court's deadline may result in the Court reconsidering its decision and granting the Gonzales Plaintiffs' requested sanction instead.

### 2. Topics 47(a)–(g)

Topic 47 concerns the City's position on disputed factual issues in this case and contains nine sub-topics. (Dkt. 108-3, at 21). The City contends that it does not have evidence or witnesses for many of these sub-topics: (a) the cause of death for Gonzales; (b), (c), and (f), which all concern whether the Gonzales Plaintiffs are Gonzales' biological parents and whether they are heirs to his estate; and (e) whether Arellano was in a common law marriage with Gonzales. (Resp., Dkt. 311, at 8). The City also notes that it has already admitted Topic 47(g): whether Gutierrez was acting under

"color of law" during the incident. (*Id.* (citing Dkt. 90, ¶ 74)). Further, the issue of Z.A.'s parentage—Topic 47(d)—has already been determined, and Arellano's claims on behalf of Z.A. have been dismissed. (*See* Dkt. 254).

Because Topics 47(d) and 47(g) have already been determined, the Court finds it appropriate to moot the motion for sanctions as to these topics. As for Topics 47(a)–(c) and (e)–(f), because the City represents that it does not have evidence on these topics, the Court will deny the motion for sanctions without prejudice. If the City introduces evidence on any of these topics at trial, the Gonzales Plaintiffs may reassert their motion to exclude the evidence as a sanction for the City's Rule 37 violations.

### 3. Topics 46 and 47(h)–(i)

Topic 46 concerns the City's "contentions regarding any disputed factual issue in this case." Topics 47(h) and 47(i) concern the City's contentions about whether Gutierrez and Serrato violated Gonzales' constitutional rights. (Dkt. 108-3, at 20–21). In their motion for sanctions, the Gonzales Plaintiffs state that they are concerned that at trial the City may try to advance a different version of the incident than the version offered by the officers. (Mot., Dkt. 300, at 8–9). The City argues that the Gonzales Plaintiffs are knowledgeable about the City's decision not to discipline the officers because they deposed former Chief Chacon and Chief Robin Henderson ("Henderson") on that issue. The City also asserts that it has made its position on the incident and the officers' role in it clear by adopting Serrato's statement of facts concerning the incident as part of the City's motions for summary judgment. (Resp., Dkt. 311, at 7–8; *see also* City Mot. Summ. J., Dkts. 167 and 168, at 2). In reply, the Gonzales Plaintiffs allege that Chacon and Henderson's testimony on the incident and why the City did not discipline the officers do not precisely match, underscoring the need for a single-sourced instance of the City itself saying what it knew about the incident and why it acted the way it did in response. (Reply, Dkt. 313, at 5).

To begin, the motion for sanctions in regard to Topic 47(i)—the City's position on whether Serrato violated Gonzales' constitutional rights—is moot because the Court granted Serrato summary judgment. As for Topic 46 and Topic 47(h), the Court finds it, again, just to order the City to designate previously taken deposition testimony for Rule 30(b)(6) purposes. Given that the City has stated that the deposition testimony of Chacon and Henderson covers these topics, it should be able to designate portions of their testimony as the City's 30(b)(6) testimony on these topics. A Court order directing this relief would be more curative and just than excluding the City from discussing these important topics.

Accordingly, the Court grants in part and denies in part the motion for sanctions as to Topics 46 and 47(h). The Gonzales Plaintiffs' request for an order prohibiting argument and evidence on these topics is denied. Instead, the City is ordered to designate already-taken deposition testimony as Rule 30(b)(6) testimony for Topics 46 and 47(h). Because the Gonzales Plaintiffs have alleged that Chacon and Henderson's testimonies on the incident and the City's decision not to discipline Gutierrez do not exactly match, the City should designate only one of their accounts for each topic. The Court again cautions the City that failure to make these designations by the Court's deadline may result in the Court reconsidering its decision and granting the Gonzales Plaintiffs' requested sanction instead.

### 4. Topics 50 and 51

Topics 50 and 51 address insurance and indemnity for the City's police officers. (Dkt. 108-3, at 22). The Gonzales Plaintiffs state in their motion for sanctions that they are concerned that the City will attempt to minimize the City's damages, or Gutierrez' damages, based on inability to pay and, as a result, the Gonzales Plaintiffs intend to prove at trial that the City fully indemnifies its officers for all damages. (Mot., Dkt. 300, at 9). In response, the City states that it produced a "self-explanatory City Council Resolution which addresses the indemnification of City employees," by

which the City seems to imply that a 30(b)(6) deponent on the topic is unnecessary. (Resp., Dkt. 311, at 6). The City further asserts that it does not intend to make an inability-to-pay argument at trial and argues that regardless, evidence of liability insurance or indemnity is not admissible under Federal Rule of Evidence 411. (*Id.* at 7).

The City's arguments are unpersuasive. The production of the City Council Resolution was not a sufficient replacement for a 30(b)(6) deposition on the issue of indemnification. The Resolution states that the City indemnifies its employees for official acts done in the course of their employment—but only under certain scenarios. (*See* Dkt. 311-6). For example, the Resolution states that the City does not provide indemnity for acts that constituted gross negligence or awards of punitive damages. (*Id.*). However, in practice, municipalities frequently indemnify their police officers for all acts and damages, even when indemnification in those scenarios is prohibited by law or policy. Joanna C. Schwartz, *Police Indemnification*, 89 N.Y.U. L. Rev. 885, 885 (2014). Here, a 30(b)(6) deponent could have explained how the City implements its indemnification policy in practice and whether the City ever departs from its policy in practice. While the City represents that it will not plead inability to pay, such a representation does not preclude Gutierrez from raising the issue, which would put the City's indemnification practices at issue. The City is also incorrect that indemnification evidence would necessarily be inadmissible. Federal Rule of Evidence Rule 411 makes evidence of liability insurance inadmissible to prove "the person acted negligently or otherwise wrongfully." Rule 411 applies only to liability insurance, not all types of indemnification. *See DSC Commc'ns Corp. v. Next Level Commc'ns*, 929 F. Supp. 239, 242–43 (E.D. Tex. 1996), *aff'd* 107 F.3d 322 (5th Cir. 1997). Therefore, it is possible that evidence of the City's indemnification practices would be relevant and admissible at trial.

The City's decision not to provide a deponent on Topics 50 and 51 harmed the Gonzales Plaintiffs by not allowing them to test the Defendants' defenses on ability to pay and indemnity. As

such, a sanction prohibiting the City from discussing these topics would be just and proportional to the Rule 37 violation. The Court grants the motion for sanctions as to Topics 50 and 51.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Gonzales Plaintiffs' motion for sanctions, (Dkt. 300), is **GRANTED IN PART**, **DENIED IN PART, and MOOT IN PART**. The Court summarizes its rulings below:

1. Topics 13 and 14: The motion for sanctions is denied. The City may offer argument and evidence on these issues.

2. Topics 47(a)–(c) and (e)–(f): The motion for sanction is denied without prejudice.

3. Topics 47(d), (g), and (i): The motion for sanctions is moot.

4. Topics 50 and 51: The motion for sanctions is granted. The City may not offer argument and evidence on these issues.

5. Topics 44, 46, and 47(h): The motion for sanctions is granted in part and denied in part. The City may offer argument and evidence on these issues. However, the Court issues the below order as a sanction instead.

**IT IS FURTHER ORDERED** that the City shall designate already-taken deposition testimony as Rule 30(b)(6) testimony for Topics 44, 46, and 47(h), in accordance with the Court's above guidance. The City shall make such designations and provide them to all parties in this action, on or before **June 3, 2025**. Failure to do so may result in the Court's imposition of further sanctions.

**SIGNED** on May 20, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

16