IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, SR., individually and as "Next Friend" to minor child Z.A.G. and ELIZABETH HERRERA, aka ELIZABETH GONZALES, individually and as "Next Friend" to minor child Z.A.G.,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF AUSTIN,<br><br>            Defendants. | § § § § § § § § § § § § § § § | 1:22-CV-655-RP |
| JESSICA ARELLANO, individually, and as next friend of Z.A., a minor child, wrongful death beneficiary and heir to the Estate of Alex Gonzales, Jr.,<br><br>            Plaintiffs,<br><br>v.<br><br>THE CITY OF AUSTIN, GABRIEL GUTIERREZ, and LUIS SERRATO,<br><br>            Defendants. | § § § § § § § § § § § § § § § | 1:23-CV-8-RP |
| ALEX GONZALES, SR., et al.,<br><br>            Plaintiffs,<br><br>v.<br><br>LUIS SERRATO and GABRIEL GUTIERREZ,<br><br>            Defendants. | § § § § § § § § § § § | 1:23-CV-9-RP |

1

**ORDER**

Before the Court is Defendants City of Austin (the "City") and Gabriel Gutierrez' ("Gutierrez") (collectively, "Defendants") Rule 42(b) Motion for Bifurcated Trial. (Dkt. 339). Plaintiffs Alex Gonzales, Sr. and Elizabeth Herrera (collectively, the "Gonzales Plaintiffs") filed a response in opposition, (Dkt. 343). Gutierrez replied, (Dkt. 356), but the City did not. Having reviewed the parties' briefing, the record, and the relevant law, the Court finds that the motion should be denied.

## I. BACKGROUND

This is a Section 1983 case arising from two police officer involved shootings that took place in the early morning of January 5, 2021.[1] The first shooting stemmed from an alleged road rage incident involving off-duty Austin Police Department ("APD") Officer Gutierrez and civilians Alex Gonzales, Jr. ("Gonzales") and Plaintiff Jessica Arellano ("Arellano"), which led to Gutierrez shooting and injuring Gonzales and Arellano. This shooting then led to a second confrontation which ended with on-duty APD Officer Luis Serrato ("Serrato") fatally shooting Gonzales.

The two shootings resulted in three lawsuits, which were consolidated into this action on August 2, 2023. (*See* Order, Dkt. 54). The Gonzales Plaintiffs assert claims under 42 U.S.C. § 1983 as wrongful death beneficiaries of Gonzales and heirs to the Estate of Gonzales. They allege that Gutierrez and Serrato used excessive force against Gonzales in violation of the Fourth Amendment. (2d Am. Compl., Dkt. 85, ¶¶ 80–96). Arellano brings a Section 1983 claim against Gutierrez alleging that he used excessive force when he shot her, violating her Fourth Amendment rights. (Am. Compl., Dkt. 87, ¶¶ 139–147). The Gonzales Plaintiffs and Arellano also assert claims against the City pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). They allege

---

[1] The facts of this consolidated action are more fully explained in the Court's Order on the parties' motions for summary judgment. (*See* Dkt. 328).

that the City is liable for Arellano's injuries and Gonzales' death because the City's official policies, practices, and customs were a cause of Gutierrez and Serrato's uses of excessive force. (*See id.* ¶¶ 148–158; 3d Am. Compl., Dkt. 86, ¶¶ 138–162).

On March 27, 2025, the Court issued its order on the parties' motions for summary judgment. (Dkt. 328). The Court granted Serrato's motion for summary judgment, finding that Serrato was entitled to qualified immunity on the Gonzales Plaintiffs' Section 1983 claims against him. The Court also granted in part and denied in part the City's motions for summary judgment. The Court held that a reasonable jury could find that Gutierrez committed excessive force when he shot Gonzales and Arellano. On Plaintiffs' *Monell* claims, the Court granted the City summary judgment on six theories of *Monell* liability but denied summary judgment on a seventh theory, holding that a reasonable jury could find that Gutierrez' alleged excessive force was caused by an alleged City practice of permitting excessive force by under-investigating and under-disciplining it. (*See id.*).

Subsequently, Arellano and Defendants reached a settlement of her claims, which has been approved by the Austin City Council. The City has represented that Arellano and Defendants anticipate filing a joint stipulation of dismissal shortly. (*See* Dkt. 345-6, at 4). Trial is currently set to begin on June 23, 2025. (Dkt. 330). The only claims remaining for trial are the Gonzales Plaintiffs' excessive force claims against Gutierrez and their *Monell* claims against the City. On April 29, 2025, Defendants filed the instant motion to bifurcate trial. (Dkt. 339).

## II. LEGAL STANDARD

Rule 42(b) of the Federal Rules of Civil Procedure provides: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues…." Fed. R. Civ. P. 42(b); *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018). "[T]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue

to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993). The Fifth Circuit has held that bifurcation is within the discretionary authority of the district court and is reviewed on an abuse of discretion basis. *Nester*, 888 F.3d at 162; *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174, n.2 (5th Cir. 1992).

### III. DISCUSSION

Defendants request that the Court bifurcate trial so that the Gonzales Plaintiffs' excessive force claims are tried prior to the trial of their *Monell* claim. (Dkt. 339). They offer two justifications for their motion. First, they argue that bifurcation would promote judicial economy because if a jury finds that Gutierrez committed no constitutional violation, then the Court will avoid the need to try the *Monell* claim against the City. They argue that any concerns about inefficiency caused by the bifurcation can be solved by having the same jury try both claims. (*Id.* at 3–5). Second, Defendants argue that Gutierrez would be unduly prejudiced if the case was not bifurcated because the jury would hear evidence both as it pertains to the shootings in this case and other excessive force incidents by other APD officers that the Gonzales Plaintiffs allege support their *Monell* claim. Defendants contend that the jury may conflate the issues and be influenced by the actions of other officers in unrelated incidents when considering Gutierrez' individual liability in this case. Defendants cite other court decisions that have allowed bifurcation in excessive force cases. (*Id.* at 5–10).

In response, the Gonzales Plaintiffs argue that Defendants' motion to bifurcate is untimely and Defendants have shown neither excusable neglect nor good cause for the Court to accept the untimely filing. (Resp., Dkt. 343, at 2–8). They also contend that bifurcation would not promote judicial economy and that any minimal prejudice to Gutierrez can be cured without bifurcation. (*Id.* at 8–11). In reply, Gutierrez explains that the idea for bifurcation only arose after Arellano settled

her claims and the Court had narrowed the issues remaining for trial. He argues that the change in circumstances in this litigation is good cause for the Court to consider Defendants' motion. (Dkt. 356).

The Court finds that Defendants' motion to bifurcate should be denied because it is untimely. In the Court's Order granting the parties' joint motion for consolidation, the Court ordered that the "deadline for any party to move for separate trials pursuant to FRCP 42(b) must be filed 3 months prior to the close of discovery." (Order, Dkt. 54). The Court adopted this deadline after it was jointly proposed by the parties to resolve the parties' disputes about consolidation. (*See* Agreed Mot. Consolidation, Dkt. 42). Discovery closed in this case on May 20, 2024. (Text Order, Apr. 5, 2024). Therefore, the deadline for a bifurcation motion was January 20, 2024. Defendants filed the instant motion on April 29, 2025—over fifteen months after the deadline.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In such a case, the movant bears the burden to show both good cause for extension and excusable neglect. *Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1305 (5th Cir. 1985). A finding of excusable neglect is a prerequisite to extending a deadline out of time. *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 527 (5th Cir. 2021). To evaluate excusable neglect, the court considers "all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice" to the nonmovant; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether

5

to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).

Defendants do not argue that there is excusable neglect for their late filing, nor have they shown that their failure to file a timely motion for bifurcation was the result of excusable neglect. First, the Gonzales Plaintiffs would be prejudiced by a late motion for bifurcation, filed two months before trial. Accepting this late motion would interject uncertainty regarding fundamental questions about how the trial will operate at the very time when the parties are engaged in pretrial preparation. Second, the 15-month delay weighs significantly against a finding of excusable neglect. *See In re Kollinger*, 551 F. App'x 104, 108 (5th Cir. 2013) ("[N]o excuse justifies failing to file a brief for ten months."); *United States v. Aguirre*, 476 F. App'x 333, 334–35 (5th Cir. 2012) (two-month delay weighs against finding of excusable neglect). The delayed filing also adversely affects the Court because bifurcation would complicate and likely elongate trial. Given the Court's busy docket and limited resources, the Court would have needed more notice to properly consider a request for bifurcation.

Third, Defendants have not offered a good reason for the delay in filing their motion. It is foreseeable that in a multi-faceted case, such as this, a court may narrow the issues pending for trial and that parties may settle and dismiss their claims prior to trial. It has also been foreseeable since Plaintiffs' separate cases were consolidated into this action that a jury trial may ultimately adjudicate both Gutierrez' individual liability and the City's liability under *Monell*. In fact, this is the exact outcome that Defendants requested when they moved—at first, with opposition from the Gonzales Plaintiffs—for consolidation. (*See* Dkt. 36). Accordingly, neither Arellano's settlement with the City nor the Court's ruling on summary judgment justify accepting Defendants' late-filed bifurcation motion. Further, Defendants agreed to the deadline for Rule 42(b) motions, so they were in control of not only the decision of when to set the deadline but also the decision to file the instant motion

out of time. Fourth, only Gutierrez has demonstrated good faith by explaining why he has filed the late motion. *See In re Prism Graphics, Inc.*, 666 F. App'x 355, 357 (5th Cir. 2016) (noting finding of good faith where party was candid about reasons for late filing). On the other hand, the City has not demonstrated good faith because it has not offered any explanation for filing the motion fifteen months past the deadline. In summary, three—or in the City's case, all four—factors weigh against a finding of excusable neglect. The Court therefore declines to accept Defendants' late-filed motion for bifurcation under Rule 6(b).

Defendants have also not shown good cause to modify the deadline for filing Rule 42(b) motions in this case. A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether good cause exists under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). As explained above, the first and third factors weigh against a finding of good cause because Defendants do not have a satisfactory explanation for their failure to comply with the deadline, and allowing the late bifurcation motion would prejudice the Gonzales Plaintiffs. The fourth factor also weighs against Defendants. The court is heavily disinclined to grant any further continuances because trial is only one month away. This case has been pending for three years, and trial has been reset multiple times. Another continuance would only further prejudice the Gonzales Plaintiffs.

Defendants have also not established that the modification is important because the parties' arguments for bifurcation on the merits are not persuasive. Gutierrez will not be prejudiced by having the excessive force claims against him tried at the same time as the City. Now that the Court

has resolved the parties' motions for summary judgment, this case only involves two defendants: Gutierrez and the City. As Defendants have admitted, the excessive force claim boils down to a "black and white fact issue: did Gonzales, armed with the gun that was later found in the driver's floorboard, point it at Officer Gutierrez?" (Mot., Dkt. 339, at 8). The jury is unlikely to confuse this issue with the broader issues and past incidents of excessive force that are relevant to the Gonzales Plaintiffs' *Monell* claims against the City. Any minimal prejudice to Gutierrez and jury confusion on the issues can be solved with limiting instructions, which the parties can propose the Court use when instructing the jury. *See Backe v. City of Galveston, Tex.*, No. 10-CV-388, 2014 WL 1091365 (S.D. Tex. Mar. 18, 2014) (denying motion to bifurcate because any prejudice or jury confusion caused by *Monell* evidence can be remedied by jury instructions).

Moreover, the issues to be tried in this case are not "so distinct and separate from the others that a trial of it alone may be had without injustice." *Olson ex rel. H.J. v. City of Burnet, Texas*, No. A-20-CV-00162-JRN, 2021 WL 1152383, at *9 (W.D. Tex. Mar. 15, 2021) (quoting *McDaniel*, 987 F.2d at 305). The central question of *Monell* liability is whether the City caused Gutierrez' alleged misconduct—meaning that Gutierrez' alleged misconduct is an element of the cause of action against the City. Conversely, evidence that supports the Gonzales Plaintiffs' *Monell* claim also supports their claim about the reasonableness of Gutierrez' conduct. Therefore, the claims against Gutierrez and the City are intertwined. Allowing bifurcation would deprive the Gonzales Plaintiffs of their ability to present the complete picture of their claims against both Gutierrez and the City. Bifurcation would also be inefficient because a second trial on *Monell* liability would likely require the Gonzales Plaintiffs to recall several witnesses and duplicate testimony given in the first trial on excessive force. For similar reasons, bifurcation of *Monell* liability from individual officer liability is not universal throughout district courts in the Fifth Circuit. *See, e.g.*, *Hankins v. Wheeler*, No. CV 21-1129, 2025 WL 1235532 (E.D. La. Apr. 29, 2025) (denying bifurcation); *Olson*, 2021 WL 1152383

(same); *Backe v. City of Galveston, Tex.*, No. 10-CV-388, 2014 WL 1091365 (S.D. Tex. Mar. 18, 2014) (same). *But see, e.g.*, *Ramirez v. Escajeda*, No. EP-17-CV-00193-DCG, 2021 WL 3778306 (W.D. Tex. Aug. 20, 2021) (allowing bifurcation); *Sanchez v. Gomez*, No. EP-17-CV-133-PRM, 2020 WL 919160 (W.D. Tex. Feb. 26, 2020) (same). In its discretion, the Court finds that in this case the harms of bifurcation would heavily outweigh any potential benefits.

Because Defendants have not presented a strong case for bifurcation, the Court finds that they have not demonstrated the importance of modifying the scheduling order to allow their late-filed motion. As such, all four factors weigh against a finding of good cause under Rule 16. Defendants have established neither excusable neglect nor good cause for their late-filed motion to bifurcate. Accordingly, the motion is denied.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' Rule 42(b) Motion for Bifurcated Trial, (Dkt. 339), is **DENIED**.

**SIGNED** on May 22, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE