IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX GONZALES, SR., individually and as "Next Friend" to minor child Z.A.G. and ELIZABETH HERRERA, aka ELIZABETH GONZALES, individually and as "Next Friend" to minor child Z.A.G., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF AUSTIN, <br><br> Defendants. | § § § § § § § § § § § § § § § | 1:22-CV-655-RP |
| JESSICA ARELLANO, individually, and as next friend of Z.A., a minor child, wrongful death beneficiary and heir to the Estate of Alex Gonzales, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF AUSTIN, GABRIEL GUTIERREZ, and LUIS SERRATO, <br><br> Defendants. | § § § § § § § § § § § § § § | 1:23-CV-8-RP |
| ALEX GONZALES, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LUIS SERRATO and GABRIEL GUTIERREZ, <br><br> Defendants. | § § § § § § § § § § § | 1:23-CV-9-RP |

1

**PARTIAL FINAL JUDGMENT**

On March 27, 2025, the Court issued an order on the parties' motions for summary judgment. (Dkt. 328). The Court granted Defendant Luis Serrato's ("Serrato") motion for summary judgment, finding that Serrato was entitled to qualified immunity on Plaintiffs Alex Gonzales, Sr. and Elizabeth Herrera's (the "Gonzales Plaintiffs") Section 1983 claims against him. (*Id.*). The Court also granted in part and denied in part the City of Austin's (the "City") motions for summary judgment. (*Id.*). The Court granted the City summary judgment on six theories of *Monell* liability but allowed one *Monell* claim to proceed to trial. (*See id.*).

On June 18, 2025, the Court granted Plaintiff Jessica Arellano ("Arellano") and Defendants' joint motion to dismiss and dismissed all of Arellano's remaining claims with prejudice. (Dkt. 399). The Court ruled that the parties shall bear their own costs as to Arellano's claims. (*Id.*).

A jury trial on the Gonzales Plaintiffs' remaining claims against Defendant Gabriel Gutierrez ("Gutierrez") and the City was held from June 23, 2025, through July 3, 2025. After the Gonzales Plaintiffs rested their case, the City filed a motion for judgment as a matter of law, which the Court granted, dismissing the Gonzales Plaintiffs' remaining *Monell* claim against the City. (Dkt. 438). On July 3, 2025, the jury then returned a verdict on two Section 1983 claims asserted by the Gonzales Plaintiffs against Gutierrez. (Verdict, Dkt. 450). The jury found Gutierrez not liable on both claims. (*Id.*).

On this date, the Court entered an order granting Gutierrez' Motion for Entry of Judgment pursuant to Federal Rule of Civil Procedure Rule 54(b). The Court found that there was no just reason to delay entry of judgment on the Gonzales Plaintiffs' and Arellano's claims in this case. The Court also entered a separate order staying Intervenor Hedler Flores Law, PLLC's ("HFL") claims in intervention pending the final resolution of the Gonzales Plaintiffs' claims through appeal.

Finding nothing left to resolve on the Gonzales Plaintiffs' and Arellano's claims, the Court renders this final judgment pursuant to Federal Rules of Civil Procedure 54(b) and 58.

**IT IS ORDERED** that judgment is entered in favor of Defendants Gabriel Gutierrez, Luis Serrato, and the City of Austin on all the Gonzales Plaintiffs' claims against them and that the Gonzales Plaintiffs take nothing on their claims against them.

**IT IS FURTHER ORDERED** that Arellano's claims against Defendants Gabriel Gutierrez and the City of Austin are dismissed with prejudice.

**IT IS FURTHER ORDERED** that any motion for attorney's fees and bill of costs, if any, shall be filed, with supporting documentation, no later than 14 days after the entry of final judgment, pursuant to Local Rules CV-7 and CV-54(a).

**IT IS FINALLY ORDERED** that this partial final judgment shall not affect HFL's claims in intervention.

**SIGNED** on August 6, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3